# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DAVID WAYNE ANDERSON,** | ) | Civil Action No. 7:19cv00155 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| **DET. B.L. ROOP, et al.,** | ) | Chief United States District Judge |
| Defendants. | ) | |

David Wayne Anderson, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, against the Washington County Sheriff's Office, the Sheriff, a lieutenant, and two detectives. The court conditionally filed this action, advised Anderson that his allegations were insufficient to state a cognizable federal claim, and gave him the opportunity to file an amended complaint. See ECF No. 23. Anderson filed an amended complaint (ECF No. 24) and, having reviewed it, the court concludes that Anderson's allegations still do not adequately state a violation of a federal right and, therefore, will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Anderson alleges that he was arrested and charged in the Washington County Circuit Court with forty counts of possessing child pornography. Anderson claims that after he reviewed the evidence, however, he has determined that the models in the photographs are over the age of eighteen. Anderson argues that the defendants "failed to fully investigate [the] matter before accus[ing him]." State court records, which are publicly available online, show that that Anderson is currently awaiting a jury trial on the pending charges of possessing child pornography.[1] Anderson also alleges that the defendants have "singl[ed]" him out and discriminated against him

---

[1] These records can be accessed through the Virginia Courts Case Information system at http://ewsocis1.courts.state.va.us/CJISWeb/MainMenu.do (last visited November 1, 2019).

because he is a "single gay male." He states that other "parties" were accused of the "same crimes" by "various individuals," but that only he was charged with the crime.

Anderson further alleges that during his incarceration while awaiting trial, various non-defendant individuals have stolen and/or destroyed his identity, home, pets, and personal possessions. Anderson has attempted to bring criminal charges against these individuals, but the local magistrate has refused to file the charges. Anderson claims that the defendants know that people are stealing and destroying his things but are "doing nothing" and failing to adequately investigate these crimes against him because of his "openly gay lifestyle." As relief for all of his claims, Anderson seeks $5 million.[2]

## II.

To the extent Anderson's allegations can be construed as a malicious prosecution claim, the claim fails. A § 1983 malicious prosecution claim "is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." Lambert v. Williams, 223 F.3d 257, 261-62 (4th Cir. 2000). In order to establish a malicious prosecution claim under § 1983, the United States Court of Appeals for the Fourth Circuit has held that the plaintiff must demonstrate that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (citing Durham v. Horner, 690 F.3d 183, 188 (4th Cir. 2012)). Inasmuch as Anderson's state criminal proceedings are ongoing, his criminal proceedings have not "terminated in [his] favor." Accordingly, the court will dismiss this claim without prejudice.

---

[2] Younger v. Harris, 401 U.S. 37 (1971) abstention does not govern Anderson's claims because the relief he seeks is not available in his state criminal proceeding. See Mateen-El v. Bell, 747 F. App'x 169, 169 (4th Cir. 2019)

**III.**

To the extent Anderson's allegations can be construed as an equal protection claim, it also fails. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause thus directs that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1982). To establish an equal protection violation, a plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination"; once this showing is made, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Veney v. Wyche, 293 F.3d 726, 730-31 (4th Cir. 2002) (quoting Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001)). To succeed on an equal protection claim, a plaintiff must set forth "specific, non-conclusory factual allegations that establish improper motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003). "[M]ere conclusory assertions" of discriminatory intent are insufficient. Id. Anderson's allegations that he has been treated differently because he is a "single gay male" and because of his "openly gay lifestyle" are far too conclusory to rise to the level of a constitutional violation. Accordingly, the court will dismiss this claim without prejudice.

**IV.**

Finally, to the extent Anderson alleges that the defendants have somehow violated his constitutional rights by failing to investigate and prosecute various individuals for crimes committed against Anderson, his claim fails. "No citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citation omitted). In fact, a citizen does not have any judicially cognizable interest in the prosecution or non-

3

prosecution of another person. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (applying Linda R.S. and collecting cases). Thus, Anderson has no legally significant interest in the criminal investigation or prosecution of the individuals who he claims committed crimes against him. Consequently, the court cannot find that his complaints about the adequacy of the criminal investigation of those matter give rise to any cognizable claim under § 1983. Accordingly, the court will dismiss this claim.

## V.

For the reasons stated, the court will dismiss Anderson's complaint without prejudice for failure to state a claim pursuant to § 1915A(b)(1).

**ENTER**: This 13th day of November, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge