IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DAVID WAYNE ANDERSON,** | ) | |
| | ) | **Civil Action No. 7:19cv00155** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **Det. B.L. ROOP,** *et al.*, | ) | By:   **Hon. Thomas T. Cullen** |
| | ) | **United States District Judge** |
| Defendants. | ) | |

Plaintiff David Wayne Anderson, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, against the Washington County Sheriff's Office, the Sheriff, a lieutenant, and two detectives, alleging malicious prosecution, failure to investigate, and an equal protection violation. This matter is before the court on defendants' motions to dismiss. After reviewing the record, the court concludes that Anderson's allegations fail to state a cognizable federal claim and will grant the defendants' motions to dismiss.

I.

According to his amended complaint, Anderson was arrested on August 28, 2018, on two counts of sodomy and two counts of aggravated sexual battery. On October 23, Anderson was indicted by a grand jury on 40 counts of possessing child pornography, two counts of sodomy, and four counts of aggravated sexual battery.

Anderson claims the defendants obtained his electronic devices without a search warrant and allowed investigators to submit "illegal" and "false" information to obtain the indictments. Anderson claims that all of the images at issue were "from publicly viewable searches on [G]oogle [C]hrome, age verified, copy [righ]ted, federal approved, age

appropriated sites [*sic* throughout]." Anderson claims the models in the photographs were all over the age of eighteen. Anderson also alleges the defendants have "singl[ed]" him out and discriminated against him based on his status as a "single gay male." To support this, Anderson claims other parties were accused of the "same crimes," but only he was charged.[1]

On November 12–13, 2019, Anderson was tried by a jury in the Washington County Circuit Court on the child pornography indictments. Anderson was convicted of 31 of the 40 counts and was acquitted on the remaining nine counts. Anderson points to his acquittal on nine of the counts as evidence of "inadequate investigation[.]" Anderson argues the defendants "allowed trial to proceed by jury knowing[] that [the] jury would find guilt just due to the nature of [the] allegations." Anderson claims that because the images were located in "unallocated space" on the hard drive of his computer, there "was insufficient evidence to show Plaintiff violated [the] code to be charged." Anderson further alleges[2] that the statutory provision in question is void for vagueness.[3]

Anderson further alleges that during his incarceration while awaiting trial, various non-defendant individuals stole and/or destroyed his identity, home, pets, and other personal possessions. Anderson attempted to bring criminal charges against those responsible, but charges have not been filed despite Anderson "fil[ing] criminal complaints and writ[ing] [the]

---

[1] This court previously dismissed this case and the Anderson filed a motion for reconsideration. (*See* ECF Nos. 31 and 32.) The motion for reconsideration was granted and the case reopened. (ECF No. 38.)

[2] Anderson does not raise this claim in his amended complaint; he raises this claim in "additional findings of fact." (*See* ECF No. 82.)

[3] To the extent Anderson claims that the statutory provision under which he was convicted is unconstitutional, the claim fails as it necessarily calls into question the validity of a criminal judgment. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (discussing that "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"). A civil tort action is not an appropriate vehicle to challenge the validity of a criminal judgment. *Id.*

department concerning this." Anderson alleges that the defendants are failing to adequately investigate these crimes against him and are "doing nothing" because of his "openly gay lifestyle." Anderson has requested injunctive relief in the form of preserving "any and all" devices which contain images related to his conviction so that the devices may be used "pending any future investigation."[4] Anderson further seeks $5 million in damages from each defendant.[5]

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*,

---

[4] Because Anderson's complaint fails to state a cognizable federal claim, his request for injunctive relief (ECF No. 81) is denied as moot. Injunctive relief is moot if the case is dismissed. *Hall v. Crook*, No. 2:14-CV-11644, 2018 WL 3676936, at *1 (S.D.W. Va. Aug. 2, 2018).

[5] Anderson filed a motion (ECF No. 71) for the court to accept his sur reply (ECF No. 67). Pursuant to Local Rule 11(c)(1) no further briefs may be submitted without obtaining leave of court. Upon consideration the court will grant his motion to accept his sur reply.

550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

### III.

To the extent Anderson's allegations can be construed as a malicious prosecution claim, the claim fails. A § 1983 malicious prosecution claim is a Fourth Amendment claim which "incorporates certain elements of the common law tort." *Lambert v. Williams*, 223 F.3d 257,

261–62 (4th Cir. 2000). To establish a malicious prosecution claim under § 1983, the plaintiff must demonstrate each of the following elements: that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (citing *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012)).

Conviction of a crime is dispositive as to whether there was probable cause for the seizure in question and bars a subsequent action for malicious prosecution. *Marsh v. Commercial & Sav. Bank of Winchester, Va.*, 265 F. Supp. 614, 620 (W.D. Va. 1967). Anderson's conviction "is conclusive evidence of probable cause" and bars his malicious prosecution claim. *Id.*; *see also Wiggs v. Farmer*, 135 S.E.2d 829, 832 (Va. 1964); *Janney v. Arlan's Dep't Store*, 247 F. Supp. 306, 308 (W.D. Va. 1965) (finding probable cause can exist "notwithstanding an acquittal in a court of law"). Therefore, the court concludes that Anderson has failed to state a claim for which relief can be granted and, therefore, will grant defendants' motions to dismiss.

## IV.

To the extent Anderson's allegations can be construed as an equal protection claim, it also fails. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause requires that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1982). In order to establish an equal protection violation, a plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination"; once this showing is

made, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Veney v. Wyche*, 293 F.3d 726, 730-31 (4th Cir. 2002) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). To succeed on an equal protection claim, a plaintiff must set forth "specific, non-conclusory factual allegations that establish improper motive." *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003). "[M]ere conclusory assertions" of discriminatory intent are insufficient. *Id.* Anderson alleges that he has been treated differently because he is a "single gay male" and as a result of his "openly gay lifestyle." These claims are far too conclusory to rise to the level of a constitutional violation. Accordingly, the court will grant the defendants' motions to dismiss.

## V.

Insofar as Anderson claims his constitutional rights have been violated by the defendants' failure to investigate and prosecute various individuals for crimes committed against him, the claim fails. "No citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citation omitted). A citizen does not have a judicially recognized interest in the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, Anderson has no legal interest in the criminal investigation or prosecution of the individuals he alleges have committed crimes against him. Consequently, the court cannot find that his complaints about the adequacy of the criminal investigation of this matter give rise to any cognizable claim under § 1938. Accordingly, the court will dismiss this claim.

## VI.

For the reasons discussed, the court will grant the defendants' motions to dismiss Anderson's amended complaint.

The clerk is directed to send a copy of this memorandum opinion and accompanying order to the parties.

**ENTERED** this 19th day of February, 2021.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE