IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID WAYNE ANDERSON, ) | |
| ) | |
|     Plaintiff, ) | Civil Action No. 7:19-cv-00155 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DET. B.L. ROOP, *et al.*, ) | By:    Hon. Thomas T. Cullen |
| ) |          United States District Judge |
|     Defendants. ) | |

Plaintiff David Wayne Anderson, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, asserting claims of malicious prosecution, failure to investigate, and denial of equal protection. The defendants moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6), and the court granted that motion on February 19, 2021. The case is now before the court on Anderson's motion for reconsideration under Federal Rule of Civil Procedure 59(e), in which Anderson argues that his malicious prosecution claim should be allowed to proceed. For the reasons explained below, Anderson's motion will be denied.

"A Rule 59(e) motion may be granted only in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.'" *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly" and only in "exceptional circumstances." *Id.* The rule "may not be used to relitigate

old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted).

Applying these principles, the court concludes that Anderson is not entitled to relief under Rule 59(e). Anderson does not point to any change in controlling law or identify any clear error in the court's previous decision. Instead, Anderson claims to have discovered "new evidence" establishing that he was unlawfully prosecuted for child pornography offenses in state court. (Pl's Mot. for Recons. 2 [ECF No. 86].) Because the "new evidence" does not alter the court's conclusion that Anderson's allegations fail to state a claim for malicious prosecution, he is not entitled to relief under Rule 59(e).

As the court explained in its previous decision, "[a] claim of malicious prosecution under § 1983 is a claim 'founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution.'" *Smith v. Munday*, 848 F.3d 248, 252–53 (4th Cir. 2017) (quoting *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000)). "To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012).

In this case, Anderson alleged that he was indicted by a grand jury on 40 counts of possessing child pornography and that he was convicted on all but nine counts. The court ruled that Anderson's convictions are "dispositive as to whether there was probable cause for the seizure in question" and therefore "bar[] his malicious prosecution claim." *Anderson v. Roop*, No. 7:19-cv-00155, 2021 WL 667901, at *3 (W.D. Va. Feb. 19, 2021) (citing *Marsh v. Commercial*

*& Sav. Bank of Winchester, Va.*, 265 F. Supp. 614, 620 (W.D. Va. 1967)). Anderson does not cite any new evidence or controlling authority that would alter the court's ruling on the probable cause element.[*] While Anderson may disagree with the court's decision, "mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

For these reasons, the court finds no basis to alter or amend its previous decision granting the defendants' motion to dismiss. Accordingly, the court will deny Anderson's motion for reconsideration under Rule 59(e).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the plaintiff and counsel of record for the defendants.

**ENTERED** this 27th day of May, 2021.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[*] The court also notes that Anderson has not plausibly alleged that the "criminal *proceedings* terminated in [his] favor." *Evans*, 703 F.3d at 647 (emphasis added). The mere fact that Anderson was acquitted of nine out of 40 child pornography counts is insufficient to satisfy the favorable termination element. *See Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir. 2009) (en banc) ("The favorable termination element is not categorically satisfied whenever the plaintiff is acquitted of just one of several charges in the same proceeding. When the circumstances—both the offenses as stated in the statute and the underlying facts of the case—indicate that the judgment as a whole does not reflect the plaintiff's innocence, then the plaintiff fails to establish the favorable termination element."). Moreover, Anderson acknowledges in his motion for reconsideration that a "previously filed appeal was denied" (Pl.'s Mot. to Alter or Amend J. 2), and court records available online indicate that a habeas corpus petition to which he refers was recently "refused" by the Supreme Court of Virginia. *See Anderson v. Commonwealth*, No. 201213, available at https://eapps.courts.state.va.us/acms-public (last visited May 27, 2021).

3